# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>      v.<br>LOPEZ-RIVERA,<br>            Defendant. | Case No. 17-cr-00237-BLF-2<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br><br>[Re: ECF No. 185] |

Before the Court is Pro Se Defendant Angel Lopez-Rivera's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendment made to U.S.S.G. § 4A1.1(d) ("Amendment 821"). *See* ECF No. 185. The United States Probation Office issued a Sentence Reduction Investigation Report ("SRIR") stating that Defendant does not qualify for a reduction. ECF No. 191. The Government filed a brief opposing a reduction in sentence. ECF No. 193. The Court invited Defendant to file an optional reply, ECF No. 189, and no reply has been filed. Defendant is in the custody of the Bureau of Prisons at FCI Pollock with a projected release date of December 3, 2026.

For the reasons stated below, the Court DENIES the motion.

## I. BACKGROUND

Between 2016 and 2016, Defendant conspired with others to distribute methamphetamine. ECF No. 132 ("PSR") ¶ 12. On June 25, 2019, Defendant pleaded guilty to one count of distributing methamphetamine. *Id.* ¶¶ 3–4.

Defendant's base offense level was 27. PSR ¶ 41. Because Defendant committed the offense while under a criminal justice sentence, Defendant received two "status points" under U.S.S.G. § 4A1.1(d). PSR ¶ 46. Defendant's total criminal history score was 5, which established

1  a criminal history category of III. *Id.* ¶ 47. Although the guidelines range for Defendant's offense
2  level and criminal history category was 87 to 108 months, the statutorily required minimum
3  sentence was 10 years, and thus the guideline term of imprisonment was 120 months. *Id.* ¶ 71
4  (citing U.S.S.G. §§ 5C1.1(f), 5G1.1(b)).

5        On December 17, 2019, the Court sentenced Defendant to the mandatory minimum
6  sentence of 120 months, to be followed by a term of 5 years of supervised release. ECF No. 137.

## II. LEGAL STANDARD

      If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court has established a two-step approach for determining whether a sentencing reduction may be granted under § 3582(c)(2). S*ee Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must follow the Commission's instructions in U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. *Id.* Second, the Court considers the appliable § 3553(a) factors. *Id.*

      Amendment 821 to the Sentencing Guidelines became effective on November 1, 2023, and Parts A and B may be applied retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d). Part A of Amendment 821 struck the Sentencing Guidelines' former provision, which added 2 status points if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1(d) (Nov. 1, 2015), *as amended by* Amendment 821. In its place, Part A added a new provision under which 1 status point would be added if the defendant otherwise received 7 or more criminal history points and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Thus, Part A eliminates status points for individuals with 6 or fewer criminal history points and replaces 2 status points with 1 status point for

individuals with 7 or greater criminal history points.

Part B of Amendment 821 added a provision to the Sentencing Guidelines that provides for a 2-level reduction to a defendant's offense level for certain defendants that meet all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

U.S.S.G. § 4C1.1(a) (Nov. 1, 2023).

### III.   DISCUSSION

The Court finds that Defendant is ineligible for a sentence reduction under Amendment 821. Although Defendant would now receive zero "status points" under the amended U.S.S.G. § 1B1.10, this change does not lower the applicable guidelines range. Defendant's sentence was based on a statutory mandatory minimum of 10 years that was not affected by Amendment 821. Thus, the applicable guidelines sentence is still 120 months, and Defendant is not eligible for a sentence reduction. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009), *as amended* (Aug. 6, 2009) (holding that "a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3583(c)(2)" and

collecting cases).

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Angel Lopez-Rivera's motion for a reduction in sentence (ECF No. 185) is DENIED.

Dated:  July 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge